## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RAYMUNDO VELAZQUEZ MARTINEZ,

     Petitioner,

v.                               No. 2:26-cv-01195-MLG-JFR

TODD BLANCHE, Acting U.S. Attorney General, et. al,

     Respondents.

### ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS
### AND DIRECTING PETITIONER'S IMMEDIATE RELEASE

Pro Se Petitioner Raymundo Velazquez Martinez is a Mexican citizen who entered the United States without inspection in 2005. Doc. 1 at 2. Velazquez Martinez has built a life in the United States since his entry. He resides with his wife and five U.S. citizen children. *Id*. On July 9, 2025, Velazquez Martinez was arrested by Immigration and Customs Enforcement ("ICE") in Florida. *Id*. Velazquez Martinez has no criminal history. Doc. 1 at 11 ¶ 47. He is being detained pursuant to 8 U.S.C. § 1225(b)(2)(a) pending completion of his removal proceedings. Doc. 9 at 1-2.

Velazquez Martinez challenges the lawfulness of his detention at Otero Processing Center. *See generally* Doc. 1. He asserts that his detention has become prolonged pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.* at 3. Velazquez Martinez timely appealed the removal order, however, and so that directive is not yet final.[1] *Id.* at 3; Doc. 9 at 1; *see Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1136 (D. Or. 2025) (noting the government conceded a petitioner "remains in

---

[1] Respondents agree that Velazquez Martinez is properly detained pursuant to § 1225(b)(2)(A). Doc. 9 at 2.

removal proceedings under 8 U.S.C. § 1229a during his administrative appeal of the dismissal of his removal proceedings"); *Patel v. Tindall*, No. 3:25-cv-373-RGJ, 2025 WL 2823607, at *4–5 (W.D. Ky. Oct. 3, 2025) (ruling a petitioner's "section 1229a proceedings continue to be active, as the decision of an immigration judge becomes final upon waiver of appeal or upon expiration of the time of appeal" and that the petitioner timely filed an appeal of the decision) (internal citations omitted).

The dispositive question presented is whether Velazquez Martinez's detention, as a noncitizen[2] who is already residing in the United States, is discretionary pursuant to § 1226(a) or mandatory as provided for by § 1225(b)(2)(A).[3] The applicable statutory scheme dictates whether Velazquez Martinez was entitled to an individualized bond hearing following his arrest by federal immigration authorities.

The Court has been presented with this same issue—as applied to similarly situated defendants—time and time again. And, as in those cases, the Court hereby finds § 1226(a) applies. *See Cortez-Gonzales v. Noem*, 811 F. Supp. 3d 1287, 1295-98 (D.N.M. 2025); *Diaz-Cruz v. Dedos*, No. 1:25-cv-01117, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzales Ramos v. Dedos*, No. 1:25-cv-00975, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025). This accords with binding

---

[2] This [order] uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

[3] *Compare* § 1226(a)(2) ("On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." (emphasis added)), *with* § 1225(b)(2)(A) ("[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a . . . ." (emphasis added)).

Tenth Circuit precedent. *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *16 (10th Cir. June 30, 2026) ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint— lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693. Given that § 1226(a) is controlling, Velazquez Martinez is entitled— as a right—to the due process provided to him under that statute: an individualized bond hearing. *See Cortez-Gonzalez*, 811 F. Supp. 3d at 1298; *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025). Velazquez Martinez's continued detention without such review constitutes an ongoing violation of his right to due process. *See Cortez-Gonzalez*, 811 F. Supp. 3d at 1298.

Federal courts are authorized to "dispose of [a habeas petition] as law and justice require" and thus possess broad discretion to fashion appropriate relief. *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012) (internal quotation marks omitted) (citing 28 U.S.C. § 2243); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ [of habeas corpus] is to secure release from illegal custody"); *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "possesses power to grant *any form of relief necessary* to satisfy the requirement of justice" (internal quotation marks omitted) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Velazquez Martinez has been deprived of liberty since July of 2025 due to

Respondents' violation of § 1226(a). The Court "acknowledges that release—whether immediate or otherwise on a bond hearing—may 'be a distinction without a difference.'" *Aguilar-Rodriguez v. Ladwig*, No. 2:26-cv-02168-TLP-tmp, 2026 WL 1266251, at *8 (W.D. Tenn. May 8, 2026) (citation modified) (quoting *Hernandez v. Ladwig*, No. 2:26-cv-02081-SHL-atc, 2026 WL 324020, at *9 (W.D. Tenn. Feb. 6, 2026)). "After all, the Government may at any time detain an illegally present noncitizen under § 1226(a), subject to a bond hearing, and thus it is not necessary for this Court to order one." *Hernandez*, 2026 WL 324020, at *9; *see also* § 1226(a). Given the ongoing violation of Velazquez Martinez's due process rights, the remedy that justice requires in this matter is immediate release. *See Hernandez,* 2026 WL 324020, at *9. Immediate release will address the lack of due process afforded to Velazquez Martinez and restore him to the status quo prior to the violation of his Fifth Amendment rights. *See id.* at *8; *see also Sosa v. De Azbarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at *3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than remanding for a bond hearing).

Accordingly, the Court grants Velazquez Martinez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C, § 2241. Doc. 1. Respondents shall release Velazquez Martinez—and notify his counsel of such release—immediately. He shall be released with all identification documentation that he possessed on his person when detained by Respondents in July 2025, along with a copy of this Order.

If Respondents re-detain Velazquez Martinez, they must provide him with a bond hearing before a neutral IJ pursuant to § 1226(a). Respondents are enjoined from pursuing Velazquez Martinez's detention under 8 U.S.C. § 1225(b)(2)(A).

Respondents shall file a status report within three (3) days of this Order to certify compliance. The status report shall provide the date and location in which Velazquez Martinez was

released from custody.[4]

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[4] The Court will enter a final judgment upon receipt of the status report.

5